**BIESEMEYER v. UNITED STATES.**

**No. 25433.**

United States District Court
N. D. California, S. D.

May 12, 1950.

Action by seaman seeking maintenance and cure under provisions of the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752. Decree in favor of respondent in accordance with opinion.

Gladstein, Anderson, Resner & Sawyer, and Lloyd E. McMurray, all of San Francisco, California, for libelant.

Frank J. Hennessy, United States Attorney, Keith R. Ferguson, Special Assistant to the Attorney General, C. Elmer Collett, Assistant United States Attorney, and McKeon & Colby, all of San Francisco, California, for respondent.

ROCHE, Chief Judge.

Libelant brings this action for maintenance and cure under provisions of the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752. On October 20, 1945, during the course of his employment as a seaman aboard respondent's vessel, the libelant slipped and fell on some dunnage, thereby incurring a fractured rib. Libelant received the usual hospital certificate from the respondent, which entitled him to care and treatment from the respondent as the result of such accident. Through the use of such certificate he became an out-patient in the San Francisco Marine Hospital from March 1, 1946, to March 5, 1946, and he was there examined, advised and offered treatment for his broken rib. The libelant voluntarily declined to accept the prescribed advice and treatment tendered him at the Marine Hospital. Subsequently, and during the year of 1946, the libelant consulted with, and was examined by, two different, private physicians, both of whom prescribed the same treatment for the fractured rib which was tendered libelant at the Marine Hospital, and none of which was acted upon by the libelant.

In May, 1947, the respondent again tendered libelant any necessary medical attention at a Marine Hospital. The libelant did not accept such offer of attention or treatment.

Upon examination of the libelant immediately prior to the trial, it was found that the rib had healed of its own accord.

In the present action, instituted on June 9, 1949, libelant seeks maintenance and cure, not for the broken rib which he had sustained, but for a psychic trauma or mental neurosis which libelant alleges was caused by, and accompanied, the rib injury. The

libelant asserts that he is suffering and has suffered from such mental injuries.

On or about March 30, 1950, less than a week before the trial of this action, libelant consulted with Dr. Maier Tuchler, who testified that the libelant is suffering from a mental neurosis, constituting a concern with the internal intestinal sensations. It is the opinion of Dr. Tuchler that such neurosis was instituted by the broken rib libelant suffered aboard the vessel. There is no evidence showing that the libelant had consulted with or received treatment from any physician for such alleged neurosis prior to such consultation with Dr. Tuchler, nor is there evidence that the respondent had received any information or complaint as to libelant's alleged neurotic illness at any time prior to his consultation with Dr. Tuchler, which was, as noted above, just prior to the trial.

Since the evidence presented by the record is insufficient to find that libelant's alleged mental neurosis was caused by or accompanied the said physical injury occurring in the course of his employment, it is the opinion of the Court that the libelant is not entitled to any recovery.

In view of the foregoing, it is therefore

Ordered that there be entered herein, upon findings of fact and conclusions of law, a decree in favor of the respondent and against libelant.